# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CODY KENZIE DITTMAR, | |
| Plaintiff, | No. C11-1031-LRR |
| vs. | |
| LAWRENCE FAUTSCH, | INITIAL REVIEW ORDER |
| Defendant. | |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on August 23, 2011. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983.

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his average monthly deposits, the court finds that the initial partial filing fee is $7.48. *Id*. The plaintiff shall submit $7.48 by no later than September 8, 2011. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33,

112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the Dubuque County Jail in Dubuque, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to criminal proceedings. The plaintiff predicates jurisdiction on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears proper as the defendant is located in this district and the events giving rise to the instant action occurred in this district.

In his complaint, the plaintiff states:

> I got arrested for a 1st degree theft [charge and] a 3rd degree burglary charge. A judge gave me a $15,000 bond. The next day, my dad called Doug Potter (the bondsman) to post the money. Within the time of 1-2 days, Doug Potter posted my bond. Doug and my dad cam to the county jail with the order to release me. The next thing they knew, Lawrence Fautsch

3

> raised the bond to $75,000 cash only, with no bond hearing or no new charges. I had asked my lawyer, Brian Spennegal if it was legal [and] he said yes, so I did around 6 months in county after that.

As relief, the plaintiff states that he wants monetary compensation for the stress that he and his family have experienced, for the time that he spent illegally in jail and for the violation of his civil rights.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*,

490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

### B. Plaintiff's Claim

Based on the facts alleged against Lawrence Fautsch, it is clear that the plaintiff does not state a viable claim under 42 U.S.C. § 1983. The plaintiff's allegation fails as a matter of law because a judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996). Here, it is clear that Lawrence Fautsch performed as a judge. Accordingly, the plaintiff's action against Lawrence Fautsch shall be dismissed for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $7.48 by no later than September 8, 2011. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 26th day of August, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO: **WARDEN/ADMINISTRATOR**
**Dubuque County Jail, Dubuque, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Cody Kenzie Dittmar, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Cody Kenzie Dittmar v. Lawrence Fautsch*, Case No. C11-1031-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $7.48, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

*/s/ K. Jorgensen* Deputy Clerk
_____
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa